CASE No. 1138.

WOOD v. BABB.

1. Where the master's report fully states his conclusions of law and fact separately, a Circuit decree which simply confirms the report is unobjectionable in form.
2. Findings of fact by a master, concurred in by the Circuit judge, sustained.
3. A creditor to whom a debt is payable on a day certain, waives the consequences of his debtor's failure to pay on that day by then saying to the debtor, that, although the time to pay had expired, he supposed a few days would make no difference; and a tender made within such few days could not be objected to as not being in proper time.
4. Where a tender of a sum, admitted by the creditor to be the amount then due, is refused solely because the time for payment had expired, all other objections to the sufficiency of the tender are thereby waived.
5. A legal tender having been made, the creditor, in action afterwards brought, is entitled to judgment for the amount so tendered, but without interest or costs.
6. A wife mortgaged her separate property to secure the payment of her husband's debt. *Held*, that the property occupied the position of a surety, and a legal tender, made by the husband to his creditor, discharged such property from the lien of the mortgage.

Before FRASER, J., Laurens, July, 1881.

Hon. J. H. Hudson, of the Fourth Circuit, sat in the place of the chief justice, who had been of counsel in the case.

Action commenced in April, 1873, by Turner R. L. Wood, against James M. Shockley and Cassie B. Shockley, his wife. Shockley and wife having died before the trial, the action was revived and continued against M. E. Babb, as administrator of J. M. Shockley, and J. D. Shockley, as executor of Mrs. Shockley, and also against her heirs-at-law. The opinion states all the material facts of the case.

*Messrs. Y. J. Pope* and *J. W. Ferguson,* for appellants.

*Messrs. Holmes & Simpson,* contra.

January 20th, 1882. The opinion of the court was delivered by

HUDSON, A. A. J. On December 29th, A. D. 1871, J. M. Shockley and Cassie B. Shockley, his wife, jointly conveyed to the appellant, Turner R. L. Wood, a tract of thirty-five (35) acres of land, situate in the county of Laurens, by deed absolute on its face. But, according to the allegations of the complaint, this conveyance was only intended to secure the repayment of three hundred dollars ($300) on January 1st, A. D. 1873, with interest at twenty-five per cent. per annum, claimed to have been loaned by Wood to Shockley and wife upon the faith of this land as a security. The object of the action below was to recover this debt and to enforce the lien on the land by foreclosure and sale.

Shockley and wife, against whom the action was originally begun, defended by alleging that the money was loaned to the husband alone, and that the wife did not become personally liable; that the land conveyed is her separate property, and was only pledged as security for the debt of the husband; that shortly after the debt became due the husband made a full tender of the amount owing, which Wood refused to accept, and that he is, and ever has been, ready to make payment. Wherefore James M. Shockley claims that he is liable only for the sum tendered, without costs; and Cassie B. Shockley contends that by refusing said tender the said Wood forfeited all claim to her land which stood pledged for this debt of her husband. The defendants, James M. Shockley and wife, Cassie, having both died pending the action, it was continued against their legal representatives and heirs aforesaid, under whose answers the points in controversy remain as before.

The cause was first heard by C. D. Barksdale, Esq., master for the county of Laurens, before whom all the testimony was taken and the cause fully argued by counsel. He, on April 30th, A. D. 1881, submitted to the Circuit Court his report, accompanied by all the testimony, in which report he passes separately upon all the issues of law and fact involved in the case.

His findings of fact are in substance:

*First.* That on December 29th, 1871, J. M. Shockley borrowed of T. R. L. Wood $300, payable January 1st, 1873, at twenty-five per cent. interest. *Second.* That the money was loaned upon the faith of a mortgage on the wife's tract of thirty-five acres of land, which was given in the form of a joint deed by husband and wife. *Third.* That Mrs. Shockley signed the deed reluctantly and under importunities of the husband. *Fourth.* That shortly after the money became due Shockley stated to Wood that the bad weather had prevented him from bringing the money, and asked if he still would receive it. Wood replied that, although the time had expired, he supposed a few days would make no difference. *Fifth.* That on January 6th, A. D. 1873, Shockley, accordingly, went in company with two friends to Wood's house with a view to make a tender, when he was informed by the latter that a tender was useless as the time had run out, and "a contract was a contract." *Sixth.* That, nevertheless, Shockley did make a tender of an amount, admitted by Wood to be in full, and in currency to which he did not object, but which he refused only because the debt was past due.

The master concludes as matter of law—

*First.* That the debt being that of James M. Shockley alone, the wife is not personally liable; and the land, being her separate property, occupied the relation of surety or collateral security for the principal debt, and would be discharged by anything which would discharge a surety or guarantor who was personally liable.

*Second.* That being subject to be thus discharged, it was in law released from the lien of the deed by way of mortgage so soon as Wood refused to accept the tender of the debt in full, although it was made after the debt was due.

*Third.* That although only part of the money was proved to be in legal tender notes, and the balance may have been national bank bills, yet no objection was urged by Wood on that ground, and this was a waiver of any defect of the tender arising from the kind of currency in which it may have been made.

After noticing other minor points raised in argument by counsel for the plaintiff, the master recommends that the mortgage be marked canceled and delivered up to the executor of Cassie B. Shockley; and that the plaintiff have judgment against

M. E. Babb as administrator of the estate of James M. Shockley, subject to the plea of *plene administravit*, for the sum of $375, the amount tendered, and that the plaintiff be required to pay the costs of the action.

At an extra term of the Court of Common Pleas at Laurens in July, A. D. 1881, the cause was heard by Judge Fraser on exceptions to this report of the master. The Circuit judge, without rendering a judgment based on an opinion giving reasons therefor, in addition to those given by the master, merely concurred with him in his findings of fact and conclusions of law, and made the report of the master, with its recommendations, the judgment of the Circuit Court.

This action of the Circuit judge is made the ground of the first exception on appeal to this court, the appellant contending that he should have stated in full and separately his findings of fact and conclusions of law in rendering his judgment. This had been very fully done by the master in his report, and in making that report with its recommendations the judgment of the Circuit Court, the judge, in concurring with the master, *has* in fact rendered a judgment in which the findings of fact and conclusions of law are separately stated. No statute nor requirement of law has been thus violated, and the judgment is not open to this exception of the appellant.

The remaining exceptions assign error in the findings of fact and conclusions of law of the master adopted by the Circuit judge.

It is the well-established rule governing this court that where the findings of fact by a referee or master are concurred in by the Circuit judge, such findings will not be disturbed unless they be against the manifest weight of testimony or without testimony to sustain them.

We see no such objection to the findings in this case. In fact there seems to be but little if any room for dispute except upon the matter of tender—whether it really was made at all, and, if so, whether Wood had so waived the time as to let in a tender six days after the debt was due. In the first interview which Shockley had with Wood after the maturity of the debt (a day or two after, according to the testimony,) we think there was that said by Wood which waived the failure of a tender on

January 1st, A. D. 1873, and which precluded him from raising this objection when, on January 6th, Shockley came to tender the money. On that day, according to the weight of the testimony, a tender was certainly made of the sum then due as assented to by Wood, and in currency, a part of which, if not all, was in legal tender notes, and to none of which was objection made on account of the kind of currency, and consequently all objection on that score must be taken as waived, the refusal having been solely because of the lapse of six days after maturity.

In 2 *Greenl. Evid.* § 601, the author says : " If a tender is made in bank notes, it is good, if the want of it being in current coin is waived ; and if the creditor places his refusal to receive the money on some other ground, or even if he makes no objection to the tender on the express ground that it is in bank notes, it is held a waiver of this objection." We perceive no such want of proof upon the subject of the tender as will justify us in reversing the findings of the master and Circuit judge.

The law of the case as announced by the court below, embodied in the master's report, follows as a consequence of the findings of fact. The tender having been found to be a good tender by reason of the waiver of objections which might have invalidated it, it follows that, as against the administrator of James M. Shockley's estate, the appellant can only recover the amount which Shockley tendered and which the appellant refused to receive ; the act of refusal barring him of the right to recover interest after that time, and also of the right to recover costs of defendants. It having been ascertained that the land is the property of the wife, according to the testimony, having been conveyed to her by George W. Gerald, October 25th, 1871, and that she pledged it as a security and guaranty of her husband's debt, the property stood in the relation of surety to the debt of James M. Shockley, and became discharged of the lien by whatever would in law discharge a surety.

*Brandt on Suretyship and Guaranty*, on page 28, Section 22, says : " While a married woman cannot usually become personally bound for the debt of her husband, she may ordinarily pledge or mortgage her separate property for his debt, and, if she does so, such property occupies the position of a surety or guaranty, and

·will be discharged by anything that would discharge a surety or guarantor who was personally liable." And on page 397, Section 295, the same author says: " If the principal, *after the debt is due*, offers to pay it, and tenders the amount due to the creditor, and the creditor refuses to receive it, the surety is discharged."

According to this authority (and it is in accord with all the decisions since the days of Lord Coke. See *Six Carpenters' case*, 8 *Coke* 146, and authorities cited in *Tiffany* v. *St. John*, 65 *N. Y.* 314, reported in 22 *Am. Rep.* 612,) the tender made by Shockley and refused by Wood, January 6th, 1873, was sufficient to discharge this thirty-five acres from the lien of the mortgage, even though, by lapse of time, it might not have been available to Shockley as a defense, and would not have been so available but for the waiver of Wood. His refusal, however, clearly forfeited all right on his part to further lien on the land of Cassie B. Shockley, and discharged the mortgage lien from that moment.

We see no error in the judgment of the Circuit Court, and, therefore, it is the judgment of this court that the judgment below be affirmed and the appeal dismissed.

McIVER and McGOWAN, A. J.'s, concurred.